IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


LAURA PLUMMER,                              :

                    Plaintiff,              :    Case No. 3:14cv215

         vs.                                :    JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,            :

                    Defendant.              :

===

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY;
DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #15)
OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND
AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT
ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND
REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT
COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C.
§ 405(g), FOR PROCEEDINGS CONSISTENT WITH THE OPINIONS RENDERED
IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND
THIS COURT'S OPINION HEREIN; TERMINATION ENTRY

===

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On May 28, 2015, the United States Magistrate Judge filed a Report and Recommendations (Doc.

#14), recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act be found unsupported by

substantial evidence; and that the captioned cause be remanded to the Defendant Commissioner,

pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings.  Based

upon reasoning and citations of authority set forth in the Magistrate Judge's Report and

Recommendations (Doc. #14), as well as upon a thorough de novo review of this Court's file,

including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law,

this Court accepts the aforesaid Report and Recommendations in their entirety and, in so doing,

orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner,

concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not

entitled to benefits under the Social Security Act was not supported by substantial evidence and,

therefore, reversing said decision and remanding the captioned cause to the Defendant

Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative

proceedings.  The Defendant's Objections to said judicial filing (Doc. #15) are overruled.

Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act is reversed and the captioned cause

remanded.

    In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if

that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C.

§ 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and

Recommendations, is required to make a de novo review of those recommendations of the report

to which objection is made.  This de novo review, in turn, requires this Court to re-examine all the

relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence."  Lashley v.

Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v.

Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole

function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."  LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the

Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     This Court finds little to add to the Magistrate Judge's Report and Recommendations, save and excepting the observations that said judicial filing is amply supported by the record in this matter.

2.     This Court wishes to emphasize the Administrative Law Judge's failure to consider any limiting effects of Plaintiff's migraine and liver impairment issues, if any.  Should the ALJ have concluded that said impairments failed to impose any restrictions or limitations, the record is devoid of any statement or explanation as to the basis of that conclusion.  The above requirements cannot be met by the Administrative Law Judge's failure to make specific reference to these impairments when discussing Plaintiff's Residual Functional Capacity.  Certainly, the above requirements cannot be met by the ALJ's simple statement that she has "considered all symptoms" or "all evidence."  Such catchall phrases do not substitute for an analysis of the limitations, if any, from the Plaintiff's migraine or liver issues.

3.      This Court rejects Plaintiff's invitation (Doc. #16 at 7) to award benefits rather than remand for further proceedings, given the "de novo review triggered by the Commissioner's objections."  The Magistrate Judge did not consider the Plaintiff's other allegations of error in the ALJ's opinion; hence, in this Court's opinion, to peremptorily rule on those objections, raised for the first time in Plaintiff's Response (Doc. #16) to Defendant's Objections (Doc. #15), without giving the Defendant Commissioner the opportunity to respond would be improper. The Administrative Law Judge is directed to consider, along with the entirety of the record, Plaintiff's Objections, not ruled upon by the Magistrate Judge, in order to determine anew the question of Plaintiff's disability under the Social Security Act.

4.      In this matter, remand for further administrative proceedings, rather than one for the payment of benefits, is proper, given that proof of disability has not yet been shown to be strong, with evidence to the contrary lacking.  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #15) are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner

for further proceedings consistent with the errors found by the United States Magistrate Judge in his Report and Recommendations which have been adopted by this Court herein.

        The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


 September 28, 2015                                _____
                                                   WALTER H. RICE, JUDGE
                                                   UNITED STATES DISTRICT COURT

Copies to:

Counsel of record